Case 2:05-mc-02025 Document 749

IN THE UNITD STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN J. DVORSAK, JR., | ) | |
| | ) | Civil Action No.: |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| DEREK A. DAYOUB and SMITH TOWNSHIP, | ) | |
| WASHINGTON COUNTY, PENNSYLVANIA, | ) | Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |

## COMPLAINT IN CIVIL ACTION

### BACKGROUND

1. This action is brought on behalf of John J. Dvorsak, Jr. as a result of an incident which occurred on September 27, 2008 in Slovan, Smith Township, Washington County, Pennsylvania. At that time, Defendant, Derek A. Dayoub, was acting in his capacity as police officer employed by Defendant, Smith Township, and subjected Plaintiff to false arrest, the use of excessive force, and the filing of false and malicious felony and misdemeanor criminal charges unsupported by probable cause or other reasonable basis against Plaintiff. The individual defendant officer's conduct was as a result of the custom, practices and/or policies of Defendant, Smith Township, which failed to adequately train, supervise and/or discipline the officer, and which otherwise acquiesced in his unconstitutional conduct. Defendants' conduct violated Plaintiff's rights under the Fourth Amendment to be free from unreasonable searches, seizures, excessive force and the filing of false and malicious criminal charges, as well as his rights under the Fourteenth Amendment to be free from Defendant, Smith Township's "deliberate indifference" to the violation of citizens' constitutional rights. The violation of Plaintiff's constitutional rights is

made actionable against these Defendants pursuant to the Civil Rights Act of 1871, as amended 42 U.S.C. §1983.

## JURISDICTION

2.  This court's jurisdiction is based on 28 U.S.C. §1331 and §1343.

## PARTIES

3.  Plaintiff, John J. Dvorsak, Jr., is an adult individual residing at 90 Center Avenue, Burgettstown, Washington County, Pennsylvania.  Prior to the events in this case, Plaintiff had never been arrested, prosecuted or charged with any criminal offense.

4.  Defendant, Derek A. Dayoub, is an adult individual residing at 1463 B Spreading Oak Drive, Pittsburgh, Allegheny County, Pennsylvania 15220, who at all relevant times was a police officer employed by Defendant, Smith Township, and was then and there acting under color of state law, and in accordance with the customs, policies and/or practices of such police department.  This defendant is sued in his individual capacity.

5.  Defendant, Smith Township, Washington County, Pennsylvania, is a Pennsylvania municipality located at 1848 Smith Township State Road, Slovan, Pennsylvania 15078, duly authorized to operate and maintain a police department.  At all relevant times hereto, this Defendant was acting by and through its duly authorized employees and/or agents who was then and there acting within the course and scope of their employment, and in accordance with the customs, policies and practices of Smith Township, acting under color of state law.

6.  At all relevant times, Smith Township, failed to adequately train, supervise or discipline its police officer, Defendant Dayoub, despite the fact that Smith Township was on notice that such officer and other Smith Township officers had violated the constitutional rights of citizens.

2

7. Despite this knowledge, Smith Township took no action, precautions, and/or other adequate measures to prevent further abuses by its police officers, specifically, Derek A. Dayoub, from occurring in the future.

8. Defendant, Smith Township's knowledge of prior constitutional violations and its failure to take any action, precautions or adequate measures to prevent such abuses from occurring, including its failure to properly train, supervise and/or regulate its police officers, constituted a custom, policy and/or practice of deliberate indifference to the constitutional rights of citizens.

## FACTUAL ALLEGATIONS

9. On September 27, 2008 in Slovan, Washington County, Pennsylvania, Plaintiff, John J. Dvorsak, Jr., received a telephone call from his son indicating that the son's friend was engaging in criminal activity and the son asked Plaintiff to come get him. Plaintiff was a short distance from the son's location and upon arrival at the scene within minutes, observed that both his son and the son's friend were in police custody.

10. Plaintiff proceeded to approach Defendant Dayoub, who already had Plaintiff's son and the other individual in custody. Plaintiff approached Defendant to inquire as to the status of his son. Defendant advised Plaintiff not to interfere with the police investigation at which point Plaintiff, who had taken no aggressive action toward Defendant or any other person, was without cause attacked by Defendant Dayoub.

11. Defendant Dayoub proceeded to twist Plaintiff's arms behind his back and drive Plaintiff's head into the back of a parked vehicle smashing out the rear tail lights with Plaintiff's head. Plaintiff was then thrown to the ground by Defendant. Defendant is a large man in excess of 250 pounds and Defendant proceeded to drive his knee into Plaintiff's back and wrench his

3

arm and shoulder behind his back. Defendant further proceeded to excessively spray Plaintiff in the face with pepper spray or a mace-type chemical until the canister was empty.

12. As a result of Defendant's actions, Plaintiff was temporarily blinded, knocked senseless and required immediate medical attention. Other police officers arriving at the scene chastised Defendant for his excessive force and the excessive use of the pepper spray or mace-type chemical without provocation.

13. Plaintiff was removed and taken to Weirton Hospital where he was treated for his head injuries, including cervical strain, contusions and abrasions, and was provided with injections to relieve pain, as well as prescription medications for on-going pain.

14. Plaintiff was advised that he should not return to work until advised by his doctor.

15. Plaintiff subsequently was treated by his primary care physician for injuries including a head injury and shoulder strain. As a consequence of his injuries, Plaintiff was unable to return to work for a period of 12 weeks.

16. In the meantime, Defendant Dayoub falsely charged Plaintiff with both felony and misdemeanor offenses, including aggravated assault, obstructing the administration of justice, resisting arrest, disorderly conduct, loitering and prowling at nighttime and the summary offense of harassment. Plaintiff had engaged in none of these offenses, and was the victim of false swearing by Defendant.

17. At all relevant times hereto, Defendant Dayoub did not have a reasonable basis to believe and/or suspect that Plaintiff had committed any of the criminal offenses with which Plaintiff was charged.

18. Based solely upon Defendant's false statements and testimony, Plaintiff was bound over for court at a Preliminary Hearing on November 25, 2008 on charges of obstruction of administration of justice, resisting arrest, disorderly conduct and harassment.

19. At some point following the Preliminary Hearing, Plaintiff, through his counsel, contacted the Washington County District Attorney's Office and informed the District Attorney's Office of concerns regarding the charges and the conduct of Defendant Dayoub. Following that contact, the Washington County District Attorney's Office pursued its investigation of the circumstances of Plaintiff's arrest and ultimately dismissed all charges against Plaintiff in a court proceeding held March 4, 2009 before Washington County Judge Janet Moschetta-Bell. Defendant Dayoub in turn was charged by the Washington County District Attorney's Office with assault and official oppression arising out of the described incident.

20. At all times relevant hereto, including prior to September 27, 2008, Defendant, Smith Township, had received complaints from citizens about the abusive conduct of Defendant Dayoub and other officers, but failed to take appropriate action to prevent such abuses from occurring in the future.

21. As a direct and proximate result of the conduct of Defendants, Dayoub and Smith Township as heretofore described, Plaintiff suffered severe emotional distress, embarrassment, humiliation and damage to his reputation, as well as serious physical injury. In addition, Plaintiff suffered loss of income and incurred medical expenses, all as a result of the Defendants' actions.

22. As a direct and proximate result of Defendants' conduct as heretofore described, Plaintiff was subjected to violation of his rights under the Fourth and Fourteenth Amendments to

5

the United States Constitution, including his right to be free from unreasonable seizure, use of excessive force and the filing of false and malicious charges.

23. As a direct and proximate result of Defendants' conduct as heretofore described, Plaintiff incurred legal expenses to defend against the false criminal charges brought against him.

## CAUSES OF ACTION

### CAUSES OF ACTION UNDER THE FOURTH AND FOURTEENTH AMENDMENTS

24. Paragraphs 1 through 23 are incorporated herein by reference as though fully set forth at length.

25. Plaintiff asserts a cause of action against Defendant Dayoub for the violation of his Fourth Amendment rights to be free from an unreasonable seizure, the use of excessive force and/or the filing of false and malicious charges, all of which are made actionable against these Defendants pursuant to the Civil Rights Act of 1871, as amended 42 U.S.C. §1983.

### CAUSES OF ACTION UNDER THE FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS CLAIM

26. Paragraphs 1 through 24 are incorporated herein by reference as though fully set forth at length.

27. Plaintiff asserts claims against Defendant, Smith Township, pursuant to the substantive due process clause of the Fourteenth Amendment to the United States Constitution arising from the Defendant's custom, policy and/or practice of deliberate indifference to the constitutional rights of citizens as made actionable against this Defendant pursuant to the Civil Rights Act of 1871, as amended 42 U.S.C. §1983.

28. The violation of Plaintiff's rights under the Fourth Amendment, as hereinbefore described, was proximately caused by the custom, practice and/or policy of Defendant, Smith

6

Case 2:05-mc-02025-LPL   Document 749   Filed 06/12/2009   Page 7 of 7

Township, acquiescing in the violation of citizens' constitutional rights as committed by its police officers.

WHEREFORE, Plaintiff, John J. Dvorsak, Jr., requests judgment in his favor for compensatory and/or punitive damages against Defendant, Derek A. Dayoub, and compensatory damages against Defendant, Smith Township, Washington County, Pennsylvania, in an amount in excess of $75,000.00 and for the award of attorney's fees and costs and such other relief as this court deems appropriate under the circumstances.

Respectfully submitted,

/s/ William A. Johnson_____
William A. Johnson, Esquire
Pa I.D. #14906

8 East Pine Avenue
Washington, PA  15301
Telephone:  (724) 225-3955
E-mail:  wajohnsonesq@yahoo.com
*Counsel for Plaintiff, John J. Dvorsak, Jr.*

7